907 So.2d 958 (2004)
Perry Leon BERRYMAN, Appellant
v.
Katherine Lynn (Hibbett)(Snyder) BERRYMAN, Appellee.
No. 2003-CA-01965-COA.
Court of Appeals of Mississippi.
August 24, 2004.
Rehearing Denied January 11, 2005.
Mary Lynn Williams Damare', attorney for appellant.
H.R. Garner, Hernando, attorney for appellee.
Before KING, C.J., LEE and GRIFFIS, JJ.
LEE, J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. Perry and Katherine Berryman were married January 29, 1996, in Eureka Springs, Arkansas. Perry and Katherine both worked in Memphis, Tennessee, Perry as a firefighter and Katherine as a nurse, but they lived in Independence, Mississippi. There were no children born during the Berrymans' marriage. In July 2002, Perry and Katherine separated. The parties filed a consent agreement on May 9, 2003, and were granted a hearing on property issues that same day. On June 9, 2003, in the Chancery Court of Tate County, Perry and Katherine were granted a divorce on the grounds of irreconcilable differences. The chancellor divided the marital property, but declined to award alimony or attorney's fees to either party. Perry now appeals to this Court asserting that the chancellor erred in awarding commingled marital property *959 and marital assets solely to Katherine, which resulted in an inequitable distribution of assets.

STANDARD OF REVIEW
¶ 2. When reviewing the decisions of a chancellor, this Court applies a limited abuse of discretion standard of review. McNeil v. Hester, 753 So.2d 1057(¶ 21) (Miss.2000). The findings of the chancellor will not be disturbed "unless the chancellor was manifestly wrong, clearly erroneous, or applied the wrong legal standard." Id.

DISCUSSION

I. DID THE CHANCELLOR ERR IN AWARDING COMMINGLED MARITAL PROPERTY AND MARITAL ASSETS SOLELY TO KATHERINE, RESULTING IN AN INEQUITABLE DISTRIBUTION OF ASSETS?
¶ 3. In his sole issue, Perry argues that the chancellor erred in awarding certain commingled marital property and marital assets solely to Katherine, resulting in an inequitable distribution of the assets. Specifically, Perry claims that the chancellor failed to make specific findings of fact concerning which property was separate and which was marital before distributing the assets. Equitable distribution in a divorce case is governed by the guidelines set out by our supreme court in Ferguson v. Ferguson, 639 So.2d 921 (Miss.1994). These guidelines include:
(1) economic and domestic contributions by each party to the marriage,
(2) expenditures and disposal of the marital assets by each party,
(3) the market value and emotional value of the marital assets,
(4) the value of the nonmarital property,
(5) tax, economic, contractual, and legal consequences of the distribution,
(6) elimination of alimony and other future frictional contact between the parties,
(7) the income and earning capacity of each party, and
(8) any other relevant factor that should be considered in making an equitable distribution.
Ferguson, 639 So.2d at 928. Assets acquired or accumulated during the course of the marriage are marital assets and are subject to an equitable distribution by the chancellor. Hemsley v. Hemsley, 639 So.2d 909, 915 (Miss.1994).
¶ 4. Perry's chief concern is the marital residence, which he claims should not have been awarded solely to Katherine. In his order the chancellor noted the various marital assets accumulated by the parties during the course of the marriage. Pursuant to the Ferguson factors, the chancellor divided the property as follows. Perry was to receive the tractor and accessories valued at $5,000; his 1994 Chevy Blazer; his entire retirement account, of which approximately $24,000 was accumulated during the marriage; the rental house, with equity of approximately $20,000; and his personal effects, including books, along with a bedroom suite from the marital residence. Perry was also ordered to pay the second mortgage on the tractor. Katherine was awarded the marital residence, with equity of approximately $148,000; the twenty-acre property, with equity of approximately $48,000; her car; and furniture. Katherine was also ordered to maintain the mortgage payments of approximately $900 per month on the marital residence and $740 per month on the twenty-acre property.
¶ 5. In awarding Katherine sole ownership of the marital residence, the chancellor stated as follows:

*960 Based upon all these [Ferguson] factors especially # 1 `Substantial contributions to the accumulation of the property' and the uncontradicted fact that Mrs. Berryman contributed $145,000 to the acquisition of the marital residence (725 Walker Road) equity demands that she be entitled to the sole ownership of the residence or the proceeds from the sale thereof, (less 1st and 2nd mortgage).
Although Perry feels that the property should have been divided equally, we cannot find that the chancellor abused his discretion in awarding Katherine sole ownership of the marital property.
¶ 6. THE JUDGMENT OF THE CHANCERY COURT OF TATE COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
KING, C.J., BRIDGES P.J., MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING AND BARNES, JJ., NOT PARTICIPATING.